PER CURIAM.
This is a disciplinary proceeding against Respondent, Remus C. E. Allen, a member of The Florida Bar. Respondent made no request for hearing before us nor did he file responsive pleadings. The referee made the following findings and recommendation:
“As to Count I
“That it does not sufficiently appear from the pleadings, admissions and the evidence adduced at the hearing that the Respondent neglected a matter entrusted to him. In this respect, it should be noted that the complaining witness, Mr. Alfred James Carr, did not appear at the hearing.
“As to Count II
“1. That the Respondent was retained by Alfred James Carr in September of 1975 tc investigate several matters on behalf of Mr. Carr. (TR 45)
“2. That in the course of the representation Mr. Carr deposited with the Respondent the sum of $500.00, approximately $80.00 of which was applied by the Respondent to fees for various matters which he charged to Mr. Carr.
“3. That the remaining $420.00 was an advance deposit on travel and meal expenses to be incurred by the Respondent on behalf of the investigation for Mr. Carr.
“4. That the Respondent never accounted to Mr. Carr for this $420.00 and by his own admission, could not have incurred mileage and meals in connection with the client’s business to have consumed the entire $420.00. (TR 46, 60, 61, 77, 79, 80, 82, 83)
“5. That Respondent allow.ed a judgment to be entered against him in favor of Mr. Carr for $600.00, representing the $500.00 advanced by him to Respondent. (TR 48)
“As to Count III
“1. That Respondent represented Letitia Ford Montgomery in connection with an eminent domain proceeding in Gadsden County, Florida, and that Mrs. Montgomery was awarded $6,461.51, a check for which was issued to her on 20 November 1974. (TR 10, 11)
“2. That Respondent delivered this check to Mrs. Montgomery and at that time solicited a loan from her at a time when an attorney-client relationship existed between them. (TR 11, 12)
“3. That at the time of the solicitation of a loan of $1,600.00 from Mrs. Montgomery, Respondent represented to Mrs. Montgomery that he had not been paid his attorney fees in connection with the condemnation matter, whereas in fact, he had received his court awarded fee of $7,042.00 by a check dated 3 April 1974. (TR 13, 29, 32, 33, 34)
“4. That Mrs. Montgomery loaned the $1,600.00 in cash to Respondent because *780 of her relationship with him as her attorney and probably would not have loaned the money to him if he had not been her attorney. (TR 12, 16, 17, 34)
“5. That Mrs. Montgomery has never been repaid any portion of said loan. (TR 13, 14)
“6. That after the loan, the Respondent sent a check to Mrs. Montgomery for $1,000.00 dated 29 July 1975, as a payment on the loan, which check was held for about a week as requested by Respondent but was ultimately returned to Mrs. Montgomery from the bank, marked ‘Insufficient Funds’. (TR 14)
“As to a Violation of the Integration Rule Not Specifically Alleged in the Complaint But which Appeared from the Evidence Adduced
“1. That the Respondent failed to initially deposit into his trust account $420.00 advanced to him for costs and expenses by his client, Mr. Alfred James Carr. (TR 77, 80, 83)
“III. Recommendation as to whether or not the Respondent should be found Guilty: As to each count of the Complaint, I make the following recommendations as to guilt or innocence:
“As to Count I
“I recommend that the Respondent be found not guilty as to any violation of the Integration Rules of the Florida Bar and Disciplinary Rules of the Code of Professional Responsibility.
“As to Count II
“I recommend that the Respondent be found guilty, and specifically that he be found guilty of the following violations of his oath as an attorney, the Integration Rules of the Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to-wit:
Integration Rule 11.02(3)(a), 11.02(4), and Disciplinary Rules 1-102(A)(6), and 9- ■ 102(B)(3) and (4).
“As to Count III
“I recommend that the Respondent be found guilty, and specifically that he be found guilty of the following violations of his oath as an attorney, the Integration Rules of the Florida Bar and Disciplinary Rules of the Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to-wit:
Integration Rule 11.02(3)(a), and Disciplinary Rules 1-102(A)(4) and (6).
“As to the violation not specifically made the subject of a separate count in the Complaint, but which has been disclosed by the evidence adduced at the hearing before me and as to which there was a motion which was granted for the pleadings to conform to the evidence, I recommend that the Respondent be found guilty and specifically that he be found guilty of the following violations of his oath as an attorney, the Integration Rules of the Florida Bar, and Disciplinary Rules of the Code of Professional Responsibility, to-wit:
Integration Rule 11.02(4).
“IV. Recommendation as to Disciplinary Measures to be Applied:
“I recommend that Respondent be suspended for a period of one year, thereafter until he shall prove his rehabilitation and for an indefinite period until he shall pay the cost of this proceeding and make restitution to this client, Letitia Ford Montgomery in the amount of $1,600.00, and to his client, Alfred James Carr in the amount of $600.00, as provided in Rule 11.10(3).”
We have examined the report of the referee and the record of the proceedings. We agree with the referee’s findings and accept his recommendation. Accordingly, Respondent, Remus C. E. Allen, is hereby suspended for a period of one year from this date and thereafter until he shall prove his rehabilitation and for an indefinite period until he shall pay the costs of this proceeding and make restitution to his client, Letitia Ford Montgomery in the amount of $1,600.00, and to his client, Alfred James Carr in the amount of $600.00.
Respondent is further ordered to:
1. Cease immediately from withdrawing any money from any and all accounts of respondent’s at banking institutions wheth *781 er trust accounts, operating accounts or personal accounts until further order of this Court;
2. Immediately notify in writing to every bank or other institution in which he maintains accounts of the provisions of his suspension and provide those banks with a copy of this Court’s order and further provide staff counsel of The Florida Bar immediately with copies of the written notifications to each bank;
3. Establish and/or designate one account as a special trust account pursuant to Florida Bar Integration Rule, Article XI, Rule 11.10(5), immediately notify staff counsel of The Florida Bar of the location of the account in writing and to place any and all fees tendered to him, during the 30 day period following this Court order, into this special trust account; and
4. Furnish a copy of his suspension order to all clients as required by Florida Bar Integration Rule, Article XI, Rule 11.10(6) and furnish staff counsel of The Florida Bar with the requisite affidavit listing all clients so informed within 30 days after receipt of this Court’s order.
Respondent shall pay the costs of these proceedings in the amount of $458.90.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.